## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ANA R. BETANCOURT-RUIZ
    Plaintiff

          v.                    Civil No. 04-1782(SEC)

TOYOTA MOTORS CORPORATION, et al.
    Defendants

### O R D E R

| MOTION | RULING |
| --- | --- |
| **Docket # 38 Motion for Discovery Relief** | **DENIED**. Defendants have filed a motion seeking that the Court exclude Plaintiff's expert witness' opinions or, in the alternative, the use of certain materials used by Plaintiff's expert to support his opinions (Docket # 38). Defendants aver that even though the parties agreed that said disclosures would be furnished by October 31, 2005 (Docket # 33), Plaintiff has not kept her end of the bargain. On the other hand, Plaintiff alleged that she misunderstood the agreements between the parties and has informed the Court that copies of all the requested documents will be furnished to Defendants by November 18 (Docket # 40). At this point, we will **DENY** Defendants' request.<br><br>    First, as Plaintiff has rightfully asserted, it appears that Defendants did not comply with Rule 37(a)(2)(A) by certifying its good faith effort to confer with opposing counsel prior to seeking Court action. Fed.R.Civ.P. 37(a)(2)(A). Second, exclusion of Plaintiff's expert is an extreme sanction in a products liability case which would require that the Court find that Plaintiff **has refused** to provide discovery with "no substantial justification" and that said refusal was not "harmless." Fed.R.Civ.P. 37(c). Given Plaintiff's Counsel explanation for the untimely disclosure of the requested materials, their willingness to cure any defect by immediately sending Defendants the requested discovery, and our ruling on Plaintiff's motion to quash subpoena (Docket # 39), at this juncture, the requested sanctions are unwarranted. However, Plaintiff is **ORDERED** to provide the discovery at issue forthwith or face the imposition of sanctions. |

| MOTION | RULING |
|---|---|
| **Docket # 39 Motion to Quash Subpoena** | **GRANTED**. The parties agreed upon, and the Court approved, a Joint Motion for the Entry of an Agreed-Upon Discovery Plan (Dockets ## 33 & 34). In said plan the parties agreed that Plaintiff would provide her expert for a deposition "at a time reasonably agreeable to defense counsel, on or before December 15, 2005." While the agreement appears to suggest that Plaintiff's and Defendants' expert disclosures would be exchanged prior to Plaintiff's expert's deposition, the Court agrees that the language is not entirely clear. However, we note that Defendants' expert witness, because of the parties' agreement, will have the opportunity of reviewing Plaintiff's expert witness' report and testimony prior to his own deposition (i.e. "on or before January 16, 2006"). Thus, we see no reason why Plaintiff's expert should not benefit at least from reviewing Defendants' expert's disclosures prior to being deposed. Accordingly, Plaintiff's motion to quash is **GRANTED**. The parties are **ORDERED** to confer and reach an agreement as to a date to take Plaintiff's expert's deposition. |

DATE:   November 16, 2005

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge